George HOGAN, Petitioner,

v.

R. O. SETTLE, Warden, Respondent.

No. 13693-1.

United States District Court
W. D. Missouri, W. D.

Feb. 6, 1962.

GIBSON, District Judge.

Petitioner has filed what he denominates an "Application for a Sanity Hearing." This document is largely incoherent. It does appear that petitioner is presently confined in the United States Medical Center in Springfield, Missouri, and that he was committed there from a United States District in Atlanta, Georgia, on April 20, 1960. However, aside from alleging that he was never tried for the crime with which he was allegedly charged, sending threatening letters through mails, petitioner has set forth none of the circumstances surrounding his confinement.

Petitioner alleges that he is sane, and prays for a hearing to establish his sanity.

██ It is incumbent upon the applicant to state sufficient facts which, if true, would entitle him to relief. It is not the problem of the Court to make an intensive investigation into each factual situation upon a general application for relief alleging only in generalities a violation of constitutional rights.

██ This Court has no jurisdiction to determine the sanity of petitioner at the time the offense was committed; this jurisdiction being solely in the Georgia District Court that made the commitment. Sections 4244 and 4245, Title 18, U.S.C., which Sections regulate procedures to determine mental incompetency before and after trial, clearly indicate that the *trial* Court, or the Court in which the proceedings originated, is the one in which all questions involving a defendant's sanity are to be decided. It is the duty of the committing Court to make periodic inquiry as to the mental condition of the petitioner in order to determine whether or not the petitioner's status as a ward should continue.

██ For the reasons above stated, the "Application for a Sanity Hearing" is denied.

It is so ordered.